Argued and submitted October 14, 1983, reversed and remanded June 27, 1984

## SAFECO TITLE INSURANCE
## COMPANY OF OREGON,
*Respondent,*

*v.*

## SIMPSON et al,
*Appellants.*

(46091; CA A26599)

684 P2d 4

William G. Nokes, Corvallis, argued the cause and filed the briefs for appellants.

Gary L. Vigna, Portland, argued the cause for respondent. With him on the brief was Howe & Harris, Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

## YOUNG, J.

Plaintiff, as the assignee of a portion of a vendor's interest in an installment land sale contract, seeks specific performance or, alternatively, restitution for unjust enrichment against defendants Simpson and Holland, the vendees. Plaintiff was awarded a summary judgment against defendants for $8,250, plus attorney fees and costs. Defendants appeal.[1] We reverse.

In 1978, Lincoln Glass Co., Inc., and John A. Mason and Grace B. Mason (vendors) sold land in Lincoln County to defendants by an installment contract. A critical provision of the contract entitles defendants, as vendees, to obtain the release of tracts of land under the contract on payment of $5,000 per acre:

> "[I]t is further understood and agreed that additional tracts shall be released from time to time after January 1, 1979, as buyers request same PROVIDED that buyers shall pay for said tracts so released at the rate of $5,000 per acre with such payments to be first applied to any interest due hereon and the balance on the principal sum. Buyer shall be responsible for all legal and title expense in connection with any such release."

In December, 1979, defendants, by bargain and sale deed, conveyed to cross-claimant Fail the 1.65-acres which are subject to the contract. Defendants did not request a release of that tract, nor did they pay the vendors $8,250, which would be the amount due under the contract when computed at the rate of $5,000 per acre.[2] After Fail acquired the deed, he ordered through cross-defendant Key Title Insurance Company a mortgagee title insurance policy showing clear title vested in him. The policy was issued by plaintiff. Neither the policy nor the preliminary title report shows the interest of

---

[1] Third-party defendant and cross-claimant Fail and cross-defendant Key Title Company are not parties to the appeal. The judgment appealed from provides that "because the [plaintiff's] claim involves the payment of money, the court finds there is no just reason for delay and directs entry of judgment." See ORCP 67B.

[2] Although there is no consideration for the conveyance stated in the deed, defendant Holland in his affidavit states that the "[p]artial consideration for such transaction was that [defendant Fail] would pay such sum as was necessary for the release of the property." Fail denies that. His affidavit is to the effect that the total consideration for the deed was for surveying work that he had done for the defendants and that he was to acquire clear title to the 1.65 acres.

the vendors in the 1.65 acres. Apparently in order to correct that mistake and to perform its undertaking as an insurer, plaintiff paid the vendors $8,250 to secure their release. In turn, the vendors gave plaintiff a partial assignment of their vendors' interest in the contract. The assignment was limited to transferring the vendors' interest in the 1.65 acres and provides in part:

> "This assignment includes all of the undersigned's cause of action against the Vendees of said contract for the enforcement of the release fee for the above-described property as provided in said contract."

After the assignment, plaintiff commenced this action. On appeal, defendants claim that it was error to (1) strike their affirmative defense, (2) deny their motion to dismiss for failure to state ultimate facts sufficient to constitute a claim, (3) grant plaintiff summary judgment and (4) award plaintiff attorney fees because of an alleged failure to comply with ORCP 68C(4)(a)(i). We turn to the assignment of error concerning the summary judgment.[3]

Although it is not clear from the trial court's letter opinion and the summary judgment which claim the summary judgment was granted on, we conclude that it was granted on the claim for specific performance, because only under that claim would plaintiff, as the prevailing party, be entitled to recover its reasonable attorney fees as provided for by the contract.[4]

Under the contract, defendants as vendees have the option to obtain a release of land on the payment of $5,000 per acre. The vendees commence and control that process. When defendants deeded to Fail, they did not request a release or pay any sum to the vendors. From the affidavit of defendant Holland, it appears that defendants never intended to request a release. Moreover, the bargain and sale deed contains no

---

[3] As far as we can determine from the record, when the trial court granted summary judgment, defendants' answer consisted of a general denial.

[4] Although the complaint designates the first claim as one for "specific performance" and alleges that plaintiff has no adequate remedy at law, the allegations and prayer amount to nothing more than a breach of contract claim for money damages, and the judgment is consistent with that theory.

warranties or covenants.[5] "Its sole purpose was, therefore, to act as an instrument of conveyance." *City of Bend v. Title and Trust Co.,* 134 Or 119, 130, 289 P 1044 (1930); *see* Note, *Deeds—Construction as Quitclaim, Bargain-and-Sale, or Warranty Deed,* 35 Or L Rev 198 (1956). The obligation to pay the agreed release fee would arise only when defendants requested a release. To entitle plaintiff to summary judgment we would have at least to equate the deed to Fail as a request by defendant for a release. There are no facts in this record to permit that. It would be just as fair a speculation to conclude that it was defendants' intention to deed the 1.65 acres to Fail subject to the vendors' underlying contract interest. Because there are genuine issues of fact requiring resolution, it was error to grant plaintiff summary judgment. Because we reverse, defendants' assignment of error concerning the award of attorney fees is moot.[6]

Reversed and remanded.

---

[5] The deed is a printed bargain and sale deed form, not the permissive statutory form. *See* ORS 93.860; ORS 93.870.

[6] Defendants' two remaining assignments of error require brief discussion. Apparently, defendants filed an "amended answer and third party complaint" on the same day that the hearing was held on plaintiff's motion for summary judgment. That answer is apparently defendants' second amended answer and third-party complaint, although it is not denominated as such. The "second" amended answer contains a motion to "dismiss plaintiff's claim against [defendants] on the grounds that it fails to state a claim." First, the complaint alleges two claims. We do not know against which claim the motion is directed. Second, so far as we can determine, the motion to dismiss was not called to the trial court's attention, and no ruling was made on the motion. Without some disposition of the motion by the trial court, there is nothing for appellate review. Defendants' final contention is that it was error to strike paragraphs II, III and IV of their First Amended Answer and Third Party Complaint. Plaintiff moved to strike those paragraphs on the ground that they are irrelevant. Defendants argue that those paragraphs plead an affirmative defense which "directly relate[s] to the issue of unjust enrichment and indirectly to the equity aspect of specific performance." The same allegations reappear in defendants' Second Amended Answer and Third Party Complaint. Because we are remanding this case to the trial court, we believe that the sufficiency of the allegations of the second amended answer are better addressed there.